UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAVIER EDUARDO TORRES, | ) | |
| | ) | |
| Petitioner, | ) | No. 7:22-CV-111-REW |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

Federal inmate Javier Eduardo Torres filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons's calculation of his sentence.  *See* DE 1.  Warden Joyner filed a timely response to Torres's petition. *See* DE 7.  The Court provided Torres an opportunity to file a reply to the Warden's response, *see* DE 4, but the deadline for him to do so has passed.  The matter is thus ripe for review.  For the following reasons, the Court will deny Torres's petition.

Torres has a lengthy history of interaction with the federal and Texas state judicial systems and their incarceration facilities.  On October 25, 2005, Torres pleaded guilty and was sentenced in the Texas 51st District Court to four years of probation for assault of a family member.  *See* DE 7-1 at 2.  Then, in June 2007, Torres was sentenced in the United States District Court for the Western District of Texas to a 42-month term of incarceration with three years of supervision for possession with the intent to distribute marijuana.  *See id.*; *United States v. Torres*, Case No. 2:06-CR-643-AM (W.D. Tex. 2006), at DE 24.  On July 10, 2009, Torres was released from BOP custody and began his three-year term of supervised release.  *See* DE 7-1 at 2.  Shortly thereafter,

1

on August 26, 2009, the Texas 51st District Court extended the period of probation in his assault case by 18 months. *Id.*

On February 4, 2010, Torres was arrested by local authorities in Tom Green County, Texas, for evading arrest, possession of marijuana, and other alleged state crimes. *Id.* at 2-3. The next day, a federal criminal complaint was filed against him in the United States District Court for the Northern District of Texas, with a warrant issued for his arrest. *See United States v. Torres*, No. 6:10-CR-00009-C-BL (N.D. Tex. 2010), at DE 1, DE 5. On February 10, 2010, a formal indictment was issued, and Torres was taken from state custody into federal (secondary) custody pursuant to a writ of habeas corpus *ad prosequendum*. *See id.* at DE 8, DE 13.

On February 25, 2010, the Western District of Texas issued a warrant for Torres for violating the terms of his extant supervised release, and a detainer was lodged with the United States Marshals Service. *See* DE 7-1 at 3. A motion to revoke Torres's probation in his Texas 51st District Court case was also filed. *Id*. On July 23, 2010, the Northern District of Texas sentenced Torres to a 200-month term of incarceration for possession with the intent to distribute marijuana and aiding and abetting. *See United States v. Torres*, No. 6:10-CR-0009-C-BL (N.D. Tex. 2010), at DE 50. A week later, federal marshals returned Torres to Texas state custody, with the federal judgment lodged against him as a detainer. *See* DE 7-1 at 3.

On November 10, 2010, the Texas 51st District Court sentenced Torres to three years of imprisonment in his state assault case. However, because of all the time Torres had previously spent in custody, the Texas Department of Criminal Justice calculated his sentence to commence on July 2, 2007, and to expire on July 1, 2010—i.e., time already served. *See id.*; *see also* DE 7-9 (explaining calculations). Then, on June 24, 2011, the Texas 63rd District Court sentenced Torres in a new case to a two-year term of imprisonment for aggravated assault, to run concurrently with

2

his two federal sentences.  The Texas Department of Criminal Justice calculated that sentence to commence on June 8, 2009, and to expire on June 8, 2011, which also amounted to a sentence of time served.  *See* DE 7-1 at 4; DE 7-9.

On August 10, 2011, after it was determined that both Texas state sentences had officially expired, Torres was transferred to exclusive federal custody.  The warrant previously issued in his Western District of Texas case was executed, and his term of supervised release was eventually revoked.  The Western District of Texas sentenced Torres to a 24-month term of imprisonment, to run consecutively to the 200-month term of imprisonment imposed by the Northern District of Texas.  *See* DE 7-1 at 4-5.  This aggregate 224-month federal term of imprisonment is the one Torres is currently serving with the BOP, and the one Torres claims is being calculated incorrectly.

In his petition, Torres alleges three grounds for habeas relief.  First, he claims the BOP has incorrectly calculated his prior custody credits under 18 U.S.C. § 3585(b).  Specifically, he believes that all time he has spent in custody since February 10, 2010—the date he was first taken into federal physical custody pursuant to the writ of habeas corpus *ad prosequendum*—should be credited toward his federal sentence.  *See* DE 1 at 4-5, 14.  Second, Torres claims the BOP has improperly failed to consider him for a *nunc pro tunc* designation pursuant to BOP policy and Sixth Circuit precedent.  *Id.* at 4-5, 16.  Third, Torres suggests he is entitled to certain prior custody credits provided for in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).  *Id.* at 4-5, 14-16.  A review of the record in this matter, as well as in Torres's various criminal cases, reveals that all three claims are unavailing.

First, the BOP has awarded Torres all the pretrial custody credits to which he is entitled.  A defendant's criminal sentence generally begins to run on the date the defendant arrives at the official detention facility where the sentence is to be served.  *See* 18 U.S.C. § 3585(a).  If a

3

defendant is incarcerated or detained prior to the date he arrives at the official detention facility, such as during the pretrial period, he will be given credit for that prior time toward his federal sentence only if the time "has not been credited against another sentence."  18 U.S.C. § 3585(b). Accordingly, to properly compute a federal sentence, two separate determinations must be made: (1) the date on which the sentence commenced, and (2) the extent to which a defendant may receive credit for time spent in custody prior to the date on which the sentence commenced.  *See id.*

Here, Torres was first arrested on February 4, 2010, for Texas state offenses.  As a result, the state of Texas acquired primary jurisdiction over him for purposes of incarceration.  *See, e.g., United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002).  Torres was then transferred from Texas authorities to federal authorities on a writ of habeas corpus *ad prosequendum*, effective February 10, 2010, and he remained in federal secondary custody until July 30, 2010, when he was returned to the custody of state officials, with his Northern District of Texas judgment lodged as a detainer.  *See* DE 7-1 at 2-4.  During that time, he was effectively on loan to the United States Marshals Service from Texas state authorities, who had primary jurisdiction over him.  *See United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017).  Torres then spent time in state custody until August 10, 2011, when he was transferred to exclusive federal custody after it was determined that the Texas state sentences had all expired.  *See* DE 7-1 at 4.  His aggregate 224-month federal sentence thus commenced on August 10, 2011, the date he was received into exclusive federal custody.  *See* DE 7 at 6; 18 U.S.C. § 3585(a); *White*, 874 F.3d at 507 (explaining that a federal sentence generally does not begin to run until state authorities relinquish a defendant on satisfaction of the state obligation).

Torres does not appear to challenge the August 10, 2011, *commencement* date of his sentence calculation.  However, he suggests he is entitled to prior custody credit under 18 U.S.C.

§ 3585(b) beginning February 10, 2010, when he first entered federal physical custody on the writ. But as explained above, when Torres was transferred to federal custody per the writ of habeas corpus *ad prosequendum*, he was merely on loan from the state.  Further, a defendant may be awarded credit against a federal sentence for prior time served only if the time "has not been credited against another sentence."  18 U.S.C. § 3585(b).  The time Torres spent at both federal and state facilities throughout 2010 and up until June 8, 2011 (the date his Texas 63rd District Court case sentence expired) was applied to his state sentences.  *See* DE 7-1 at 4; DE 7-9. Accordingly, that time cannot also be counted toward his aggregate 224-month federal sentence. As the Sixth Circuit explained in a comparable case:

> Because [the defendant] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence.  If [the defendant] were credited for this time against his current federal sentence, he would receive improper double credit.

*Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

However, as for the time Torres spent in a state facility from June 8, 2011 (the date his Texas 63rd District Court case sentence expired), until August 10, 2011 (the date he was transferred to exclusive federal custody), Torres is entitled to prior custody credit.  Recognizing this, the BOP has *already* counted those 62 days of incarceration toward the fulfillment of his present sentence.  *See* DE 7 at 8; DE 7-2 at 4.

To summarize, Torres's federal sentence commenced on August 10, 2011.  The time he spent in both federal and state incarceration or detention facilities from February 4, 2010, through June 8, 2011, was counted toward his state sentences.  The remaining 62 days, from June 9, 2011,

through August 9, 2011, has been properly credited against his federal sentence.  Torres is thus entitled to no habeas relief on his first claim.

Likewise, Torres's contention that the BOP failed to consider him for a *nunc pro tunc* designation does not provide him with grounds for habeas relief.  Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to order that a prisoner serve his federal sentence in any "suitable prison facility," including state facilities.  *See Setser v. United States*, 566 U.S. 231, 235 (2012).  "Thus, when a person subject to a federal sentence is serving a state sentence, the BOP may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive."  *Id.*  The BOP considers several factors set forth in 18 U.S.C. § 3621(b) and BOP Program Statement 5160.05 to determine whether such a designation, known as a *nunc pro tunc* designation, should be granted in a particular case.

Contrary to Torres's assertions, the BOP Designation and Sentence Computation Center did in fact consider him for a *nunc pro tunc* designation, but ultimately declined to grant one.  On August 24, 2015, the BOP sent a letter to the Northern District of Texas inquiring whether the 200-month federal sentence was to be run concurrent with Torres's state sentences, therefore making a *nunc pro tunc* designation appropriate.  *See* DE 7-13.  The sentencing judge responded and indicated his intent that the state and federal sentences be consecutive.  *See* DE 7-14.  The BOP then evaluated Torres's case considering the 18 U.S.C. § 3621(b) factors and applicable program statement and concluded a *nunc pro tunc* designation was inappropriate.  *See* DE 7-15.  Torres has neither argued nor demonstrated this decision was an abuse of the BOP's discretion.  Therefore, his second claim for habeas relief is denied.  Credit generally is a BOP function, properly so here.

Finally, Torres's claim that he is entitled to *Willis* credits is also without merit.  When state and federal sentences run concurrently, the BOP, under program rules and certain circuit precedent, reviews a defendant's sentence for possible prior custody credits pursuant to two narrow, judicially created exceptions to 18 U.S.C. § 3585(b), as articulated in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).  *See* DE 7 at 10; DE 7-15.  Notably, however, *Willis/Kayfez* credits "require a prerequisite that the state and federal sentences in question be concurrent."  *Castro v. Sniezek*, 437 F. App'x 70, 71 (3rd Cir. 2011).  The Northern District of Texas sentencing judge's letter in response to the BOP's inquiry regarding a *nunc pro tunc* designation clearly indicates that Torres's federal and state sentences were meant to run consecutively.  DE 7-14.  Thus, the *Willis* and *Kayfez* cases, even assuming they maintain validity and would affect a calculation by a court in the Sixth Circuit, do not apply according to their own terms and the BOP's implementing policy.

Torres, again, made no reply to the specific points and arguments raised by the United States in its well papered response.

For these reasons, Torres is not entitled to habeas relief pursuant to 28 U.S.C. § 2241. Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 1, Torres's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241;

2. The Court **DIRECTS** the Clerk to strike this action from the Court's docket; and

3. The Court will enter a separate Judgment.

This the 6th day of November, 2023.

Signed By:

*Robert E. Wier*

**United States District Judge**